John H. Derr, Appellant, v. Ella D. Ackerman, John
Ackerman and Irwin Ackerman.

*Statute of frauds—Parent and child—Parol contract—Evidence.*

In order to take a parol contract for the sale of land out of the operation
of the statute of frauds its terms must be shown by full, complete, satis-
factory and indubitable proof.   The evidence must define the boundaries,
indicate the quantity of the land, fix the amount of the consideration, estab-
lish the fact that possession was taken in pursuance of the contract, at or
immediately after the time it was made, the fact that the change of pos-
session was notorious, and the fact that it has been exclusive, continuous
and maintained.   It must show also performance or part performance by
the vendee which could not be compensated in damages, and such as would
make rescission inequitable and unjust.

In parol contracts between father and child clearer and stronger evi-
dence is required of the father's intention to part with his property than in
cases of strangers in blood.

In a proceeding to recover possession of real estate bought at sheriff's
sale, three children of the defendant in the execution claimed that, prior to
the entry of the judgment under which the sale took place, the defendant
had sold to them by parol contract the land in question.   Two of the chil-
dren testified that they had bought the land under a parol agreement by
which they assumed to pay certain indebtedness of their father, and that
they subsequently gave their notes for this indebtedness, and received from
the creditor certain personal property of the father which he had sold upon
an execution and bought in at the sheriff's sale.   There was no evidence
that there had been any change of possession of the land, and the only
consideration claimed was the father's interest in the land which was a life
estate.   The father had other children who had nothing to do with the
alleged sale and claimed nothing under it.   One of the children to whom
the alleged sale was made, and who had joined in the note, did not appear
as a witness to establish the contract.   *Held,* (1) that no such equity had
been established as would take the parol sale out of the statute of frauds;
(2) that the jury should have been instructed to find for the plaintiff.

Argued May 17, 1897.   Appeal, No. 439, Jan. T., 1896, by
plaintiff, from judgment of C. P. Lancaster Co., May T., 1895,
No. 111, on verdict for defendants.   Before STERRETT, C. J.,
GREEN, WILLIAMS, McCOLLUM and FELL, JJ.   Reversed.

Transcript of proceedings before a justice of the peace to
recover the possession of real estate bought by the plaintiff at
sheriff's sale.   Before LIVINGSTON, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

[But, in this case, the owners of the fee, or three of them (for there are six here, as I understand it), claim to own this life estate of this defendant here. They allege that, at the time of the entry of this judgment and the issuing of the writ upon which this life estate was sold by the sheriff, and prior thereto, they were the owners of this life estate, having purchased it from their father, Simon Ackerman. They allege, and have produced testimony for the purpose of showing you they had so purchased it. They produce evidence to show that Simon Ackerman became indebted to one George Zimmerman in a sum exceeding, or about $1,250, as we remember the testimony ; that he proposed and agreed with Ella D., John and Irwin Ackerman, three of his children, the defendants here, if they would pay Mr. Zimmerman the money he was indebted to Zimmerman, that in consideration of their so doing he would transfer to them his life estate in the real estate, of which they were the owners in fee ; that they accepted the proposition he made, and that he transferred orally (that is by word of mouth) to the three defendants here, his life estate, in consideration of their assuming and paying the debt of Simon Ackerman to Mr. Zimmerman. They did assume the debt, gave their obligation to Zimmerman for it, and Mr. Zimmerman gave up to Mr. Ackerman the note and obligations of indebtedness which he held against him for the amount Ackerman owed him, and relieved him, Simon Ackerman, from the payment of it. Simon Ackerman then gave possession of this property to defendants, and they have since been in possession of it, and he has lived with them, had his home with them. He says he paid the taxes, the boys giving him the money for that purpose. The defendants also say so. And if that be true, that would be sufficient.] [7]

[If you find and believe, from the whole evidence, that Simon Ackerman was indebted to Zimmerman, as he says he was, and Zimmerman says he was, in the sum—the amount I do not remember, at least $1,200 (there seems to be no doubt he was so indebted), and Simon Ackerman in good faith agreed and contracted to give these three defendants his life estate in this land, of which they were and are the owners in fee, if they would assume and pay the debt, and relieve him of its payment, and they in good faith accepted his offer and did assume to pay

Zimmerman, and Zimmerman agreed to take their obligation for the payment of the debt owing him by Simon Ackerman, and they gave their obligation to him for the amount, which he accepted, and he released and discharged Ackerman from its payment, and gave up to him the note, obligation or evidence of debt he had against him, and Ackerman gave them, these three defendants, absolute possession of the premises, which they took and have retained in good faith, that would be sufficient to constitute a sale, and they would be entitled to your verdict.

If you believe this was not done; that the whole thing was done for the purpose of covering up the life interest (as the plaintiff claims here) of Ackerman in this estate and cheating Derr, that it was a fraud, then your verdict should be, of course, for the plaintiff.] [8]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* among others were (7, 8) above instructions, quoting them.

*A. H. Fritchey* and *Charles I. Landis*, for appellant.—He who claims to recover land upon the evidence of a parol contract of purchase will be held to full, complete, satisfactory and indubitable proof of what the contract was, what land he purchased, its boundaries, what the consideration was, that it was paid, and that possession was delivered in pursuance of the contract. Without such proof, the statute of frauds and perjuries will bar a recovery: Woods v. Farmare, 10 W. 195; Hart v. Carroll, 85 Pa. 508; Goucher v. Martin, 9 W. 106; Frye v. Shepler, 7 Pa. 91; Brawdy v. Brawdy, 7 Pa. 157; Aitkin v. Young, 12 Pa. 15; Rankin v. Simpson, 19 Pa. 476; Miller v. Zufall, 113 Pa. 323; Poorman v. Kilgore, 26 Pa. 365; Allison v. Burns, 107 Pa. 53; Irwin v. Irwin, 34 Pa. 525; Moore v. Small, 19 Pa. 468; Haslet v. Haslet, 6 Watts. 474; Shellhammer v. Ashbaugh, 83 Pa. 24.

*J. Hay Brown*, of *Brown & Hensel*, with him *G. Ross Eshleman*, for appellees.—If under a parol contract to convey, and after part or full payment of the purchase money is made, the possession of the estate is delivered to and taken by the purchaser, and he enters upon and occupies the estate, it takes it

out of the statute of frauds: Miller v. Hower, 2 Rawle, 53; Pugh v. Good, 3 W. & S. 56.

Proof of a parol contract for the sale of land, delivery of possession pursuant thereto, part payment of the purchase money, and valuable improvements are the full measure of what is required to take the case out of the statute of frauds: Reed v. Reed, 12 Pa. 117; Pugh v. Good, 3 W. & S. 56; Sowers' Admr. v. Weaver, 84 Pa. 262; Milliken v. Dravo, 67 Pa. 230; Richards v. Elwell, 48 Pa. 361; McGibbney v. Burmaster, 53 Pa. 332; Heft v. McGill, 3 Pa. 256; Lauer v. Lee, 42 Pa. 171; Wack v. Sorber, 2 Wh. 387; Eckert v. Mace, 3 P. & W. 364; Smith v. Patton, 1 S. & R. 80.

The appellant claims that in order that the agreement between Simon Ackerman and his children could be legally carried out, the family should have been broken up, and the father should have left his motherless family, three of whom were minors, and lived out his old age under another roof; that because his children, who were legally bound to take care of him, allowed him to continue to live in the same house with them, his contract with them, though consummated beyond repair, would not be protected by law, and the children should be deprived of all benefit after they had paid the price; and the court should have given binding instructions to the jury to find for the plaintiff. It seems to us that the mere statement of this position is its refutation. The law does not compel any such sacrifices, and does not favor the unnecessary severance of the family relation: McKibben v. Martin, 64 Pa. 352; Crawford v. Davis, 99 Pa. 576; McVicker v. May, 3 Pa. 224; Renninger v. Spatz, 128 Pa. 524; Hill v. Leibig Mfg. Co., 3 Pa. Superior Ct. 398; Clow v. Woods, 5 S. & R. 275; Evans v. Scott, 89 Pa. 136.

It was decided in Ingles v. Ingles, 150 Pa. 397, and Kern v. Howell, 180 Pa. 315, that as between father and son a deed will be presumed to have been delivered, although possession remained in the vendor, and that property purchased by a father for his son is an advancement, and the ordinary presumption of a resulting trust is rebutted.

Opinion by Mr. Justice McCollum, October 11, 1897:

In 1892 Simon Ackerman resided upon and had an estate by the curtesy in the land in question. He was then indebted to

Catherine Derr in the sum of $1,400 for which judgment was entered against him on the 25th of April, 1892. On this judgment his estate in the land was sold to John H. Derr, who, having received from the sheriff a deed of it, instituted proceedings to obtain possession. The defendants, claiming that there was a parol sale of the estate to them prior to the entry of the Derr judgment, were allowed to intervene for the protection of their interests in it. On the trial the defendants presented their evidence of a parol sale and of what they had done in pursuance of it. The court submitted the evidence to the jury with instructions to the effect that if they credited it they should find for the defendants. The verdict was in their favor, and from the judgment entered upon it this appeal was taken by the plaintiff, whose contention is that the evidence was insufficient to clothe the defendants with a legal or equitable title to the life estate.

The witnesses to establish the sale were Simon Ackerman, his son Irwin, and his daughter Ella. They testified that the former, sometime between January 1, and April 1, 1892, offered to transfer his estate in the land to his children if they would assume and pay his indebtedness to Zimmerman for money expended in improving it, and that on or about the first of the last mentioned month they accepted his offer. The offer and the acceptance were verbal and constituted the agreement of the parties. Nothing appears to have been done in pursuance of it until October of the same year when Zimmerman received the note of the children for their father's indebtedness, and relieved him from further liability on account of it. This was the first notice or knowledge that Zimmerman had of the arrangement between Ackerman and his children. In the meantime he had issued an execution on a judgment against Ackerman for the same indebtedness; sold his personal property, including crops on the farm, for $880, and become the purchaser of it. Neither the defendant in the execution nor his children made any objection to the sale. This property however was surrendered to the children by Zimmerman on receiving their note as above stated. The taxes on the land in 1892 and 1893 were assessed to and paid by Simon Ackerman, and when it was sold in 1894 on the Derr judgment he filed an exception to the sale of it on the ground that the life estate had been set apart to him

under the exemption act of April 9, 1849. There is not a scintilla of evidence in the case showing a change of possession or control of the property in pursuance of the alleged parol sale previous to October, 1892, nor subsequent to that time, unless the evidence that Irwin Ackerman bought some lumber and shingles in 1893 or 1894, which were used in the construction or repair of a washhouse, can be considered as such. It is not claimed that the children were to receive anything as a consideration for their assumption of their father's indebtedness except a transfer of his life estate in the land, and yet they received property which sold at sheriff's sale for $880, as part, if not the entire, consideration of it.

Is the evidence referred to sufficient to take the parol contract out of the operation of the statute of frauds? We think it is not. "The provisions of the statute are beneficial, and should not be further encroached upon:" Gangwer v. Fry, 17 Pa. 491. "Though the giving of a negotiable security be equivalent to actual payment in order to found an action for money paid or received, it is not so to found an equity:" Parker v. Wells, 6 Wharton, 153. "It is the notoriety of a change of possession in execution of the parol contract that, more than anything else, takes a case out of the statute of frauds:" Ackerman v. Fisher et al., 57 Pa. 457. "In order to take a parol contract for the sale of land out of the operation of the statute of frauds its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. Also it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust:" Hart v. Carroll, 85 Pa. 508. "In parol contracts between father and child, clearer and stronger evidence is required of the father's intention to part with his property than in cases of strangers in blood. The evidence of the contract must be direct, positive, express and unambiguous. The payment of the price must be proved positively. Every presump-

tion is against the claim under such sale. There must be proof that the vendee took possession in pursuance of the contract. If before, his possession was worthless as evidence of an executed sale:" Ackerman v. Fisher, supra.

We have referred to the parol sale, as a sale by Simon Ackerman of his life estate in the land to his children, meaning thereby his sons John and Irwin and his daughter Ella. Neither his son George, nor either of his sons, Alvin or David, had anything to do with the alleged sale, or claimed anything under it. The note to Zimmerman was signed by Ella, John and Irwin, but John was not called as a witness to establish the contract. The quotations from the cases above cited sufficiently show what is essential to create an equity in the vendees which will take a case founded upon a parol sale out of the operation of the statute of frauds. As we have already seen, the evidence in this case is not sufficient to establish such an equity. It does not show a change in pursuance of the contract, in the possession or management of the farm, or performance or part performance of it by the vendees which cannot be compensated in damages, and it is by no means clear that there was any consideration for the note given by the defendants to Zimmerman, except the surrender by him to them of the property he bought at sheriff's sale on an execution issued upon his judgment against their father. Upon the evidence in the case the court should have instructed the jury to find for the plaintiff.

Judgment reversed and venire facias de novo awarded.