## Derr v. Ackerman.

*Statute of frauds—Parol sale of estate by curtesy—Evidence.*

A parol sale by a father to his children of an estate by the curtesy in land is within the statute of frauds, and will not be taken out of the statute where the evidence shows that there had been no change of possession, and two only of the three children to whom the alleged sale was made testify that they had bought the land under a parol agreement by which they assumed to pay certain indebtedness of their father, and that they subsequently gave their notes for this indebtedness.

Argued May 17, 1899. Appeal, No. 124, Jan. T., 1899, by defendants, from judgment of C. P. Lancaster Co., May T., 1895, No. 111, on verdict for plaintiff, in case of John H. Derr v. Ella D. Ackerman, John Ackerman and Irwin Ackerman. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Transcript of proceedings before a justice of the peace to recover the possession of real estate bought by the plaintiff at sheriff's sale. Before LIVINGSTON, P. J.

The facts appear by the report of the case in 182 Pa. 591.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendants appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*J. Hay Brown*, of *Brown & Hensel*, with him *George Ross Eshleman*, for appellants.

*A. B. Hassler*, with him *Fritchey & Landis*, for appellee.

OPINION BY MR. JUSTICE McCOLLUM May 29, 1900 :

On the first trial of this case in the court below a verdict was rendered for the defendants, and on appeal to this court from the judgment entered thereon the judgment was reversed, and a venire facias de novo awarded. The ground of the reversal was the insufficiency of the evidence to establish a parol sale of the interest of Simon Ackerman in land which he acquired and held possession of as tenant by the curtesy. On the second trial of the case an effort was made by the defendants to strengthen, and in some respects to modify their former testimony, but the effort to do so was a failure, and the learned court below recognizing it as such directed the jury to render a verdict for the plaintiff. Thereupon the defendants, alleging after-discovered evidence, moved for another trial. Depositions were taken for the purpose of sustaining the allegation but they proved to be worthless ; the motion for another trial was denied, and judgment was entered on the verdict for the plaintiff. From the last mentioned judgment the defendants appealed to this court. The only question to be determined on the appeal is whether the evidence introduced on the second trial is sufficient to establish the alleged parol sale. To determine this we have carefully read and considered all the evidence presented on the second trial, and are unable to find in it any material addition to or modification of the evidence produced on the first trial. The substance of the evidence on the first trial appears in the opinion filed in Derr v. Ackerman, 182 Pa. 591. There is also included therein a reference to a number of cases showing that the evidence was not sufficient to take the alleged parol sale out of the operation of the statute of frauds. It is not surprising that the court below, upon a careful consideration of the evidence before it, concluded that there was nothing in

it to justify a submission of the case to the jury for their decision.

We do not find in the evidence or in the assignments of error any warrant for a reversal of the judgment.

The judgment is therefore affirmed.