# Lesley, Appellant, *v.* Ewing.

*Negotiable instruments—Checks—Forged endorsement—Other forgeries—Practice, Supreme Court—Assignments of error—Evidence—Witnesses—Cross-examination.*

1. Questions not raised by the assignments of error will not be considered by the Supreme Court.

2. While the range of cross-examination rests largely in the discretion of the trial judge, too much latitude is allowed where a witness asked on direct examination the single question as to whether his endorsement on a check was genuine is allowed to be asked on cross-examination as to other irregularities by the forger and as to the forged endorsement of other checks which had passed through his hands, the irregularities and forgeries not being in any way connected with the forgery in question.

Argued Jan. 15, 1914. Appeal, No. 260, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., March T., 1912, No. 6200, on verdict for defendant in case of Hugh Lesley v. J. Hunter Ewing, Thomas L. Elwyn, and William B. Whelen, who were with Henry Whelen and Charles C. Whelen, Late Trading as Townsend, Whelen & Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit upon a check. Before RALSTON, J.

From the record it appeared that the plaintiff brought his action against the defendants for the recovery of the sum of $4,000, paid by the defendants, who were bankers, on a check drawn on them by the plaintiff to the order of Milton W. Duzby, whose endorsement on the check was forged by one Futrell.

Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were, inter alia, the admission of cer-

tain evidence referred to in the opinion of the Supreme Court.

*C. Wilfred Conard,* for appellant.

*Walter George Smith,* with him *Wm. Rudolph Smith,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, March 23, 1914:

We must sustain the first two assignments of error and reverse this judgment. The payee of the check over which this controversy arises was called as a witness by the plaintiff and was asked the single question of whether his endorsement on the check was genuine to which he replied in the negative. The defendant's counsel was then permitted to cross examine the witness at great length. While the range of cross examination rests largely in the discretion of the court, we think that in this instance it is justly open to the appellant's criticism that entirely too much latitude was allowed. During the cross examination the counsel interrogated the witness as to other irregularities by Futrell, who had negotiated the transaction in which the check was given, and also as to the forged endorsement of other checks which had passed through the hands of Futrell. It did not appear that these other irregularities and forgeries were in any way connected with the forgery of the payee's name in the transaction out of which this suit grows. The objection by the plaintiff's counsel therefore should have been sustained and the testimony excluded. It was wholly irrelevant to the question at issue in this action. Its effect was to lead the jury to believe that the irregularities of Futrell in matters of this kind were of general knowledge and that the plaintiff should or might have known of them and was, therefore, negligent in carrying on the transaction with Futrell and in entrusting the check to him. The testimony

had no place in the case, and was clearly prejudicial to the plaintiff.

The argument of counsel is devoted principally to the question of whether the failure to discover the forgery in the absence of any evidence that the defendants were injured or prejudiced thereby was a defense to the action brought by the drawer of the check to recover from the drawee bank. We need not consider the question at this time as we do not regard it as being raised by the assignments of error. It is predicated manifestly of the fourth and fifth assignments but neither of them raises the question. They both go to the question of whether the plaintiff was negligent in giving notice of the forgery after it had been discovered by him. That he must act promptly and notify the bank upon the discovery of the forgery we have very recently held in McNeely v. Bank of North America, 221 Pa. 588. The negligence of a depositor in failing to discover the forgery of the endorsement of his check was not considered or determined in the McNeely case, and as it is not raised here by the assignments of error it can not be considered.

The first and second assignments are sustained, and the judgment is reversed with a venire facias de novo.