## Sorber *v.* Masters et al., Appellants.

*Statute of frauds—Evidence—Sufficiency—Parol evidence—Title to real estate—Contract by parent to convey to children—Consideration—Maintenance of home—Declarations—Exclusive possession.*

1. Persons, claiming title to real estate by virtue of an oral contract for the transfer of real estate by a parent to her children, in consideration of the maintenance of a common home by the children for the parent's benefit, must establish their claim by evidence that is clear, precise and indubitable.

2. In such a case the witnesses depended upon to prove the contract must have heard the bargain when made, or must have heard the parties repeat it in each other's presence, inasmuch as a contract cannot be inferred from the declarations of one of the parties. Exclusive possession must be shown to have been assumed by the sons to take the case out of the statute.

*Statute of frauds—Evidence — Sufficiency of writing — Several papers—Parol evidence.*

3. If written memoranda, consisting of separate papers, are depended upon to satisfy the statute of frauds, when taken together they must accord in every material particular with the bargain averred inasmuch as parol evidence is incompetent to explain departures.

4. Where in an action of ejectment by a mother against two sons, the defendants claim title by virtue of an alleged agreement, the consideration of which is to maintain a home for their mother for life, and by which she was to execute a deed to the two sons in common for one farm, and to devise by will, two other farms, one to each of the sons, such papers do not satisfy the statute of frauds where it appears that the deed specified a large money consideration, and the will made no reference whatever to the alleged agreement.

*Contract—Construction—To convey property — Consideration— Provide a home for grantor—Personal performance by grantee— Termination—Death of grantee.*

5. An agreement by an aged parent to convey her property to her two sons in consideration of their living upon and managing the property and maintaining a home for her during her life, must be construed to require a personal performance by the sons and to terminate upon the death of the two sons during the parents' life.

Argued April 15, 1919. Appeal, No. 301, Jan. T., 1919, by defendants, from judgment of C. P. Luzerne Co., June T., 1916, No. 561, upon verdict for plaintiff in an action of ejectment in the case of Christiana A. Sorber v. Charles H. Masters and Lawrence D. Masters, Defendants, and Samuel Ashley, Terre-Tenant, and Anna Masters, wife and devisee of Charles H. Masters, deceased, and Viola Masters, wife, in her own right, and as guardian of minor children of Lawrence D. Masters, deceased, substituted as defendants. Before BROWN, C. J., MOSCHZISKER, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Ejectment to recover possession of three farms in Union Township, Luzerne County. Before GARMAN, J.

The plaintiff's claim was based upon a perfect record title.

The defendants who were the sons of the plaintiff set up an oral contract whereby it was agreed that in consideration of their managing and living upon the farms and maintaining a home for the plaintiff, their mother, she would make a deed to them jointly for one of the farms and by her will devise a farm to each son. The sons died after suit was brought and their surviving wives were substituted as defendants.

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were, among others, rulings on evidence, the charge of the court and refusal of a new trial.

*Paul J. Sherwood,* with him *J. Q. Creveling,* for appellants.—An agreement to convey is superseded by a deed executed pursuant thereto to the extent that the deed works a performance of the terms of the agreement: Lehman v. Paxton, 7 Pa. Superior Ct. 259; Gangloof v. Smaltz, 18 Pa. Superior Ct. 460; Stewart v. Trimble, 15 Pa. Superior Ct. 513.

The will and the deed are sufficient memoranda to satisfy the statute of frauds: Shroyer v. Smith, 204 Pa. 310; Brinker v. Brinker, 7 Pa. 53; Smith v. Tuit, 127 Pa. 341.

*Rush Trescott,* with him *S. M. R. O'Hara,* for appellee. —When an attempt is made to set up a parol contract of sale against a parent, either by a son or one claiming under a son, the evidence of the contract must be direct, positive, express and unambiguous: Wright v. Nulton, 219 Pa. 253; Ackerman v. Fisher, 57 Pa. 457; Edwards v. Morgan, 100 Pa. 330; Burgess v. Burgess, 109 Pa. 312; Derr v. Acherman, 182 Pa. 591.

The alleged oral agreement, as set up by the defendants in this case, if made at all, was a purely personal contract, and terminated with the death of the boys: Dickinson v. Calahan, 19 Pa. 227; Billings's App., 106

Pa. 558; Blakely v. Sousa, 197 Pa. 305; Bland v. Umstead, 23 Pa. 316.

OPINION BY MR. JUSTICE MOSCHZISKER, May 5, 1919:

Christiana A. Sorber, plaintiff, sued in ejectment to recover possession of three farms; a verdict was rendered in her favor, upon which judgment was subsequently entered, and defendants have appealed.

Mrs. Sorber was formerly the wife of McDonald Masters, from whom she procured a divorce in 1900; they had five children, two of whom, Charles H. Masters and Lawrence D. Masters, were the original defendants in this suit; but both died prior to the trial and, this fact being suggested of record, their widows were duly substituted as defendants, in their individual capacities, and the widow of Lawrence D. also as the guardian of his children, the sons having devised their estates to such widows and children.

One of the farms in question, known as the "Homestead," where Mrs. Sorber lived and reared her family, had been acquired by plaintiff's father and conveyed to her about half a century ago; another, called the "Maple Swamp Tract," was bought by plaintiff in 1900; and the third, designated as the "Arnold Farm," was purchased by her in 1902.

In 1915, or thereabouts, when plaintiff was seventy years of age, a lack of harmony arose between her and the wife of Charles H. Masters; whereupon Mrs. Sorber removed to the home of a daughter, and, in June, 1916, brought the present action.

At trial, plaintiff proved a perfect record title, in accord with her statement of claim. The answer, filed by the original defendants, which their substitutes endeavored to prove, averred that Charles H. and Lawrence D. Masters were the "real owners" of the three farms, "in lawful possession" thereof; that, after their parents' divorce, when the two sons were of full age, a "parol contract" was entered into between them and their moth-

er, "by the terms of which said plaintiff was to purchase the 'Arnold Farm'......and convey title to the same by a proper deed......to said defendants, to own in common, and was also to devise to said defendant, Lawrence D., by will, the 'Homestead'......and to said Charles H. ......the 'Maple Swamp Tract'......, in consideration whereof said defendants were to take immediate possession of the whole of said lands......give up their chances of a livelihood elsewhere, live upon, farm, and manage the same, and keep up, provide and furnish a comfortable support and maintenance for plaintiff during the balance of her life"; that, "in pursuance of said contract," the Arnold Farm was duly acquired, and plaintiff "executed, acknowledged and delivered" a deed therefor to her two sons, "which said deed was not placed of record, by request of said plaintiff"; that, "in pursuance of said contract," plaintiff executed a will devising the two other pieces of land to her sons, who entered into possession, made valuable improvements, etc., and provided "a good home and comfortable support for the said plaintiff, which has always been ready and open to her"; that defendants "faithfully and fully performed" their part of the contract, "and stand ready to continue to comply therewith." Plaintiff denied the alleged contract in toto and most of defendants' testimony relating thereto.

Appellants' eleven assignments criticize the court below for trial errors, except the last, which complains of the refusal to grant a new trial. In reply, appellee contends she was entitled to binding instructions, and, therefore, all the alleged errors are immaterial. After a study of the record, including the testimony, we conclude that appellee's contention must be sustained.

Defendants' claim of title being, avowedly, founded on an oral contract, contrary to the statute of frauds, involving a bargain between mother and sons for the transfer of real estate from the parent to her children, in consideration of the maintenance of a common home by the latter for the benefit of the former, the burden of proof

was upon defendants to make out their case by clear, precise, and indubitable evidence (Derr v. Ackerman, 182 Pa. 591, 596; Wright v. Nulton, 219 Pa. 253, 258; Sample v. Horlacher, 177 Pa. 247, 251; Hart v. Carroll, 85 Pa. 508, 510; Anderson v. Brinser, 129 Pa. 376, 389; Ringrose v. Ringrose, 170 Pa. 593, 607); this they utterly failed to do.

When an attempt is made to set up a parol contract for the sale of real estate against a parent, the evidence must be "direct, positive, express and unambiguous." The witnesses depended upon to prove the contract "must have heard the bargain when made, or must have heard the parties repeat it in each other's presence; a contract is not to be inferred from the declarations of one of the parties": Wright v. Nulton, supra, 258-9. Here the proof depended upon was the testimony of the two daughters-in-law, who had survived their husbands, and, not only is it most fragmentary in character, but, as said by defendants' own counsel, during the examination of one of these witnesses, they constantly gave "an interpretation of her [plaintiff's] words instead of her exact words." Neither of these witnesses pretended to have "heard the bargain made"; they only asserted having "heard the parties repeat it in each other's presence," some years afterwards; but, in place of stating, in totidem verbis, what was then said, they insisted upon giving their own version, which, so far as anyone can tell, may consist of mere deductions, or conclusions; except, possibly, at one point in the testimony, and, in this isolated instance, the evidence was not by any means sufficiently full to prove the bargain averred. So much for the proof of the oral contract.

If written memoranda, consisting of separate papers, are depended upon to satisfy the statute of frauds, they must when taken together accord in every material particular with the bargain averred; parol evidence cannot be depended upon to explain departures: Wright v. Nulton, supra, 261-2. Here the deed for the Arnold Farm,

alleged to have been executed and delivered by Mrs. Sorber to her sons, when produced by plaintiffs, on demand of defendants, instead of disclosing the consideration set up in the bargain averred by the latter, called for a substantial cash consideration of $1,800; which material difference, under the rule just stated, was not susceptible of explanation, and, in point of fact, so far as our examination reveals, defendants did not attempt to explain it. Moreover, the deed being actually in the possession of plaintiff, it is doubtful if the evidence depended upon to show delivery thereof was sufficiently strong to meet the requirements in a case of this kind; it was submitted for what it was worth, however, and the jury very properly found the fact against defendants.

Again, while an alleged will of plaintiff, produced at the trial, shows two of the farms devised to her sons, the document makes no reference whatever to any special consideration for such devises, and shows no connection between these testamentary dispositions and the bargain, or contract, averred by defendants; it is an ordinary will, subject to be revoked at any time before testator's decease, which, as a written memorandum, fails to satisfy the requirements of the statute of frauds.

Finally, no exclusive possession, such as required to take the case out of the statute, was shown to have been assumed by the sons; in point of fact, they and their mother continued to live on and work the farms much as they had before the date of the alleged oral contract.

We have not as yet touched the principal point insisted upon by plaintiff; which would have been conclusive in her favor, even though defendants had proved the bargain, or contract, set up by them.

The alleged contract is, in brief, that the two sons were to provide a home for their mother on the farms, and to "live upon and manage the same"; in consideration whereof she was to transfer the several properties to them. The substituted defendants make the fact, that the bargain was for a "home," perfectly plain; for, at

the only point in their testimony where the exact words of the mother are given, this appears: " 'I made an agreement with the boys,' she said, 'to provide me a home' "; and, later on, the same witness stated that plaintiff had said she wanted her boys to "stay home and make a home for her."

There are cases, of the same general character as the one before us, where the bargain was considered as merely for maintenance and support, without regard to the essential elements of a home, and, therefore, not as a personal undertaking on the part of the grantee; but, in these instances, it will be found that either the grantor elected thus to treat the contract or the contract itself in effect so provided. Here, however, the alleged bargain is between a mother and her two sons for the maintenance of a home by the latter for the former, and, in the making of such a contract, it must be assumed the mother desired to provide for something more than mere shelter and food; that she desired, contemplated and bargained for the companionship, comfort, personal attention and affection of her own flesh and blood, and none of the contracting parties intended that the mother, in her old age, should be obliged to live with such strangers to her blood as might acquire the real estate in question. Thus it may be seen that the alleged contract, in this case, calls for something more, of a personal nature, than the mere payment of money for the support and maintenance of plaintiff; and, in addition, it expressly requires the sons to live upon and manage the farms during the whole of their mother's life. Such an undertaking is a distinctly personal one, which terminated with the death of the two boys (Eastman v. Batchelder and wife, 36 N. H. 141, 150; Leahy v. Cheney, 90 Conn. 611, 614, and L. R. A. 1917, D. 809, note p. 812; Prater v. Prater, 94 S. C. 267, 275; and see Dickinson v. Calahan, 19 Pa. 227; Shirley v. Shirley, 59 Pa. 267, 273; Blakely v. Sousa, 197 Pa. 305, 329); this being so, even though the bargain averred had been sufficiently proved (which it was not), plaintiff, nevertheless, would

have been entitled to the affirmance of her request for binding instructions leaving defendants to their remedy, if any, for the recovery of the cost or value of what may have been furnished to the mother or spent on the improvement of the properties, under the alleged contract: see Prater v. Prater, supra.

On the peculiar facts of this case, to say that the points discussed in the last paragraph are not covered by the pleadings, is no sufficient answer. The two sons being alive at the time the pleadings were made up, the points in question could not have been so raised; but, when the death of the sons was suggested of record, and subsequently proved by defendants, plaintiff's request for binding instructions necessarily called for consideration not only of the legal adequacy of the evidence depended upon to prove the contract alleged by defendants, but (in view of the record as it then stood) it also involved the potency of that contract, if proved, to overcome plaintiff's title. We conclude that, in either aspect of the case, defendants were not entitled to go to the jury; hence no good purpose would be served by a new venire, and none of the alleged trial errors needs to be considered.

The assignments are dismissed, and the judgment is affirmed.