# Stybr, Appellant, *v.* Walter.

*Promissory notes—Payment—Contract—Evidence — Prejudicial use of evidence—Cross-examination.*

1. In an action on promissory notes given for the benefit of a corporation to whom plaintiff had made advances before the giving

of the notes, it is reversible error to admit in evidence an agreement in writing between the parties to .the notes, relating to a prior loan, in which the notes were not mentioned and which had no connection with them, and to permit the use of the agreement in such a way as to prejudice the rights of plaintiff.

2. Cross-examination cannot be used so as to get before the jury incompetent and prejudicial facts not referred to in the direct examination.

3. Where on appeal from judgment on verdict for defendant, the record shows that counsel for defendant set out to confuse, rather than to enlighten, the court and jury, and to prejudice the latter against plaintiff and his counsel, the verdict so won, will have little chance of standing on appeal, when any specific error appears on record which can fairly be accounted reversible.

4. Where an oral agreement is set up as a defense in an action on promissory notes, counsel for defendant should endeavor to get his witnesses to state facts from which the jury may draw conclusions, rather than merely their own conclusions as to what occurred when the alleged oral agreement was made.

Argued October 13, 1921. Appeals, Nos. 123, 124 and 125, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1919, Nos. 1740, 1777 and 1778, on verdicts for defendants, in cases of J. Stybr v. Peter G. Walter, J. Stybr v. M. N. Greer et al. and J. Stybr v. M. N. Greer et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on promissory notes. Before MACFAR-LANE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were various rulings and instructions, sufficiently appearing by the opinion of the Supreme Court, quoting record.

*L. S. Levin,* for appellant, cited: Mudoch v. Biery, 269 Pa. 577; Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619; Lesley v. Ewing, 244 Pa. 480; Kane v. Transit Co., 248 Pa. 160.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellees.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1922:

This and two other like actions were tried together in the court below and argued as one case here, the facts in each being substantially the same. All three cases arise out of claims by plaintiff against defendants, individually and collectively, on a series of notes amounting to $19,000, given by the latter to secure the former for advances made by him to a corporation in which all parties concerned were stockholders. After plaintiff had advanced considerable sums to the corporation in question, and when further funds were required for the purpose of its business, he insisted that defendants give him the notes in suit, as additional security, before putting out any more money. The corporation, whose interests were in this way being cared for, had a contract with the United States government to furnish certain supplies; plaintiff made his several advances to enable the company to fulfil this contract, the latter and defendant stockholders agreeing that, on receipt of the cash consideration from the government, $82,800, it would be promptly turned over to plaintiff. The amount named was accordingly received and duly credited on the books of the corporation, leaving a balance due plaintiff of $38,199.98.

Defendants did not dispute any of the facts thus far stated, but rested on the defense of payment of the notes, contending that, at the time of the execution of these obligations, there was an oral understanding, or contract, between plaintiff and defendants, to the effect that the government money was to be first applied to a prior debt of $25,000, owing by the corporation to plaintiff, and then on the notes now before us. Defendants maintained that, if this contract were carried out, a proper appropriation of the funds received from the government

would fully pay all of the obligations sought to be enforced by the present suit.

On the other hand, plaintiff urged that there never was any such understanding, or contract, as contended for by defendants, and that the whole of the $82,800 was correctly credited on indebtedness due to him for moneys advanced the corporation at times prior to the execution of the notes in controversy.

The issues, growing out of the contentions just stated, were submitted to the jury and found in favor of defendants; judgments were entered accordingly, and plaintiff has appealed.

The first assignment of error complains of the admission in evidence, under objection, of a written contract between the corporation and plaintiff, relating to the before-mentioned advance, which the latter made to the former, of $25,000. Plaintiff claims this document had no proper place in the case, and that defendant's counsel obtained its admission and used the evidence for the purpose of prejudicing plaintiff before the jury; all of which seems to be verified by the notes of the trial.

While the affidavit of defense, in one of the suits, makes a vague reference to the contract for the $25,000 advance, intimating that this latter writing provided a method for appropriating the government money, which accords with the defense set up at trial, yet, when the document is read, there is nothing in it that bears out this intimation. In point of fact, the $25,000 advance was made about a year before any of the present notes were given, and the contract under discussion contains no reference to future loans.

The averment that there was a $25,000 advance made by plaintiff to the corporation, which, according to the defense entered, was to be first paid out of the funds coming from the government, the notes in suit to be next paid from these funds, made the bare fact of such an advance relevant at the trial; but the contract concerning the details of that advance, in no way referring to the

notes in suit, was entirely irrelevant, and when objected to should not have been admitted. That its admission was prejudicial to plaintiff can well be believed, for the writing, on its face, has the appearance of an usurious agreement, with many hard terms favorable to plaintiff.

. The record shows a statement by the trial judge to the effect that, had he realized the use which could be made of the evidence in question, and was made of it, he would have rejected the document; but the court below seemed to believe that its admission for purposes of cross-examination was proper. With this we cannot agree, nor can we agree that the trial judge's instructions to the jury,—to disregard the suggestions of defendants' counsel about the terms of the contract proving plaintiff to be a cheat—obviated the harm done by its admission; on the contrary, it seems to us that the instructions, albeit intended otherwise, might have had a tendency to aggravate the harm already done.

True, when on the stand under cross-examination, plaintiff was asked several questions concerning the contract for the $25,000 loan (the witness then making no denial of the points on which he was interrogated), without objection on part of his counsel; but when the contract itself, covering many terms other than those referred to on plaintiff's prior examination, was offered in evidence, his counsel promptly protested, stating that, while he had entered no objections before, yet now he objected to the "agreement......offered as a whole"; and, upon the overruling of this objection, an exception was noted.

The admission of the evidence under discussion, and the use subsequently made of it, constitutes harmful error, which, on all the facts shown by this record, cannot be overlooked.

For recent cases on the extent to which cross-examination may be properly carried, and the limitations thereon, see Murdoch v. Biery, 269 Pa. 577; Kane v. P. R. T. Co., 248 Pa. 160; Lesley v. Ewing, 244 Pa. 480;

also, see Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619.

The first assignment of error must be sustained and this will result in a new trial; therefore it seems proper to touch upon several other matters of complaint, in the hope that, at the next hearing of this case, like trial faults may be avoided.

To begin with, the stenographer's notes strongly suggest the thought that counsel for defendants set out to confuse, rather than enlighten, the court and jury, and to prejudice the latter against plaintiff and his counsel; we take occasion to say that verdicts won by such means have little chance of standing on appeal, when any specific error appears of record which fairly can be accounted reversible.

In connection with what we have just said, the whole course of examination by insinuations that plaintiff had endeavored to have the corporation books "doctored" for his benefit,—with which counsel for defendant arrived nowhere, and which the trial judge properly called "mud-slinging,"—should, unless defendants can prove their charges, be omitted at another trial; and, of course, the objectionable references by the latter's counsel to the religious beliefs of counsel for plaintiff will not again be indulged in; nor should counsel for defendants be permitted, in his examination of plaintiff, to refer to him in an offensive manner as a "rich" man. These methods have no proper place in a trial of purely business issues, such as presented by this case; they serve only to befog and prejudice the jury, and are not to be tolerated.

It may be well to say that, at the next trial, counsel should endeavor to get defendants' witnesses to state facts, from which the jury may draw conclusions, rather than merely stating their own conclusions as to what occurred when the alleged oral agreement, upon which defendants rest their case, was made. At the last trial, instead of these several witnesses telling the material things said by the respective parties at the time under

investigation, so that a jury, or we on review, might determine what the alleged agreement amounted to, they simply gave their own conclusions on the points at issue, saying that certain terms were "agreed to," or "agreed upon," or "understood" between the "makers of the note and Dr. Stybr." These are fair examples of the testimony, and it can readily be seen therefrom that such evidence presents merely the ideas or conclusions of the various witnesses on the main issue in the case—not detailed proofs from which a reasonable conclusion might be drawn by others; which, of course, is insufficient: Smith v. Standard Steel Car Co., 262 Pa. 550, 555-7; Sorber v. Masters, 264 Pa. 582, 587.

When proofs of the character just indicated are properly objected to, and defendants thus given notice, and afforded opportunity, to put in better evidence, if they fail in that regard, and the verdict depends for support upon such faulty proofs, this may be fatal on appeal.

The several judgments are reversed with a venire facias de novo in each case.