## C. NOEL LEGH CO., Limited, v. STITZINGER & CO.

(District Court, E. D. Pennsylvania. June 14, 1922.)

No. 8046.

Frauds, statute of ⟨key⟩113(2)—Essential terms and conditions of written contract cannot be added to by parol.

Where a written memorandum of sale is required under the statute of frauds provisions of Pennsylvania Sales Act (Pa. St. 1920, § 19652), which must contain all the essential terms and conditions of the contract, in an action for breach of such contract, terms or conditions cannot be added by parol.

At Law. Action by the C. Noel Legh Company, Limited, against Stitzinger & Co. On affidavit of defense raising questions of law. Judgment for defendant.

Carr & Steinmetz, of Philadelphia, Pa., for plaintiff.
John J. Sullivan, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The original statement of claim filed in this case was held insufficient, and judgment ordered for the de-

fendants. 274 Fed. 715. An amended statement of claim was filed by leave of court, to which an affidavit of defense has been filed, raising objections to the sufficiency of the amended statement of claim to sustain a cause of action. The material amendment is in paragraph 5 of the amended statement, which is as follows:

"At the time of the entering into of the said contract between the said parties, plaintiff and defendant, it was thoroughly understood and well known to both said parties that the ocean rate of $1 per 100 pounds was merely fixed between the parties as a differential, there then being no established freight rate, and that the plaintiff was ready and willing to pay a higher rate, and thereafter was always ready and willing to pay a higher rate, which fact was well known to the said defendants."

If that was the understanding between the parties, it did not become a part of the contract enforceable under the statute of frauds provisions of the Pennsylvania Sales Act (Pa. St. 1920, § 19652). To satisfy the statute the memorandum must contain within itself or by some reference to other written evidence the names of the vendor and the vendee, and all of the essential terms and conditions of the contract, expressed with such reasonable certainty as may be understood from the memorandum and other written evidence referred to, if any, without any aid from parol testimony. Wright v. Nulton, 219 Pa. 262, 68 Atl. 707; Sorber v. Masters, 264 Pa. 587, 107 Atl. 892; Manufacturers' Light & Heat Co. v. Lamp, 269 Pa. 517, 112 Atl. 679.

The averment is in fact contradictory to the defendant's letter of April 21, 1919, relied upon as a confirmation of the alleged parol agreement. Under the terms of that letter the defendants were not to be expected to hold the stock unless there was a likelihood of being able to secure the rate specified; that is, an ocean rate not to exceed $1 per 100 pounds.

From the defendants' letter of May 21, 1919, it appears that the defendants acted upon the unlikelihood of being able to secure the rate specified, and disposed of some of the stock which they had intended to apply to the sale to plaintiff, and the plaintiff in its letter of May 23 accepts the situation and informs defendants as follows:

"We will therefore leave matters as they are, say, for another month, when we shall be pleased if you will advise us what stock you have on hand against our order and we will let you know exactly what to do."

The defendants did not, at the end of another month, advise the plaintiff what stock they had on hand against the order, and the plaintiff necessarily did not let the defendant know what to do. Meanwhile, if there was no likelihood of being able to obtain the specified rates of $1 per 100 pounds, and the correspondence clearly indicates there was none, the defendants were not obliged under the terms of the letter of April 21, 1919, to hold stock for the plaintiff, in the absence of any positive agreement on the part of the latter for shipments at a higher rate. There was no positive, certain, and definite agreement in effect between the parties.

Judgment for defendant.