**FITZGERALD et al. v. UPSON.**

No. 9387.

Court of Civil Appeals of Texas.
San Antonio.

May 30, 1934.

Rehearing Denied Oct. 3, 1934.

Dodson & Ezell and Chas. W. Duke, all of San Antonio, and G. B. Fenley, of Uvalde, for appellants.

Templeton, Brooks, Napier & Brown, of San Antonio, K. K. Woodley, of Sabinal, and W. L. Matthews, of San Antonio, for appellee.

FLY, Chief Justice.

This is a suit instituted by appellee to recover a certain portion of the estate of Lewis W. Florea and E. A. S. Florea, the grandparents of appellee, said recovery being based on an alleged parol agreement between the said grandparents and appellee in 1910. The cause was tried without a jury and judgment rendered in favor of appellee for one-half of certain lands described in the judgment as belonging to the estate of the Floreas, deceased; and it was also decreed that a certain deed made by the deceased to their daughter Mrs. Fitzgerald be set aside and that the land described therein be included in and become a part of the estate of the deceased Floreas, and further that it should be set apart to Mrs. Fitzgerald at its value as part of her interest in the estate, and that certain other property located on the Leakey-Uvalde road, and not included in the deed from Lewis W. Florea and wife to Mrs. Fitzgerald, be apportioned to appellee at its value as found by the commissioners or the court.

In 1910, at the time that appellee swore that the oral agreement was made to will him one-half of their estate, the Floreas made two wills bequeathing to Mrs. Fitzgerald one-half of their estate, and bequeathing to appellee, who is the only heir of another daughter, one-half of the estate. Appellee swore that the consideration for the agreement to bequeath him one-half of the estate was that he would attend school and obtain an education that would fit him to take care of the pasture of deceased and the animals therein. He also swore that in 1920 his grandparents delivered the two wills of 1910 to him and stated that they were made to carry out the terms of the parol contract. In neither of the wills was there any reference to any contract made by the testators with appellee. In 1927, after the death of Mrs. Florea, who had conveyed her interest in the property to her husband and had then died, her husband executed another will in which he gave appellee only a life estate in a certain portion of the estate and named his daughter Mrs. Fitzgerald as executrix of the will. Lewis W. Florea, the father of Mrs. Fitzgerald and grandfather of appellee, died in 1931, and during that year his last will and testament was offered for probate by Mrs. Fitzgerald but it was contested by appellee. The will was probated by the county court and appellee appealed to the district court where, under some agreement by the parties, the appeal was dismissed. It seems that the agreement in connection with the dismissal was that Mrs. Fitzgerald agreed that she would not object to proof of the oral contract, as to the estate, between her parents and appellee, claimed to have been made in 1910, whereby he was to receive one-half of the estate. This agreement necessarily referred to any suit that appellee might institute against appellant for one-half of the estate, and when the suit was instituted and testimony as to the oral agreement was offered, the agreement was carried out.

Article 3716 provides: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to

any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It is clear that the testimony against which no objection was to be urged was directly obnoxious to the statute quoted and we cannot conceive of any tenable reason or excuse for the agreement that was made directly in the face of the statute. There never was a more salutary law than this statute which has protected and will protect, if given due effect, the estates of dead men and women from exploitation by those claiming to have secret contracts with the dead persons. The dead cannot testify and full power is accorded the man who desires to swear in regard to such contracts to defeat the wishes of the *dead owner of the property and defraud those rightfully entitled to it of their rights in the property. No such agreement should ever be permitted, and, while the courts of Texas seem to permit the waiver of this law on the part of those interested in the estate, the Legislature should prohibit any waiver of a law so beneficial and conducive to the rights of those interested in estates to be set aside by any agreement upon the part of any one. This, however, is by the way, because it has by an agreement between the parties been waived and set aside and the estate left at the mercy of appellee, who bases his claims to the property on a verbal agreement between him and his grandparents when he was only thirteen years of age. The terrible effect of setting aside article 3716 by an agreement could never be more definitely and lucidly shown than by the results in this case. The court based his judgment in favor of appellee upon the terms of this ill-begotten contract, and the appellant found herself unable to avail herself of the protective terms of the statute and has been relegated to an attack upon the testimony on the ground that it was violative of the statute of frauds, concerning which no agreement had been made.

■■ Not only was the testimony of appellee as to the oral contract in violation of article 3716, but also in violation of article 3995, which constitutes a law known as the statute of frauds. In that statute it is provided that no action shall be brought in any court in any case upon any contract for the sale of real estate or the lease thereof for a longer term than one year, or upon any agreement which is not to be performed within the space of one year from the making thereof, unless the same shall be in writing and signed by the party to be charged therewith. The testimony in this case as to the oral contract shows beyond doubt that the contract could not possibly be performed in one year, for the evident reason that a thirteen year old boy was under an obligation to acquire a special education as to a special subject, which would probably take several years, and the contract was undoubtedly in regard to the sale or lease of real estate. As before stated, the testimony showed that the contract was not to be performed until the completion of the education of appellee and the two wills of 1910, which he claims were memoranda of the transaction, were not delivered to him until seven years had elapsed from the time they were executed. The wills did not refer in any manner to any parol contract that had been made and could not be considered as memoranda in writing of such contract. It has been held a number of times that the writing claimed to be a memorandum of the verbal agreement must, in some manner, directly refer to the agreement. It is claimed by appellee that the Pennsylvania case of Shroyer v. Smith, 204 Pa. 310, 54 A. 24, holds that a will can be held as a memorandum in writing although it does not refer to the verbal contract claimed. If the proper construction is placed on that decision, we would not be disposed to follow it if it had been sustained by the Pennsylvania courts, but it has not been sustained, for in the later case of Sorber v. Masters, 264 Pa. 582, 107 A. 892, 894, the Pennsylvania court held as follows:

"Again, while an alleged will of plaintiff, produced at the trial, shows two of the farms devised to her sons, the document makes no reference whatever to any special consideration for such devises, and shows no connection between these testamentary dispositions and the bargain, or contract, averred by defendants; it is an ordinary will, subject to be revoked at any time before testator's decease, which, as a written memorandum, fails to satisfy the requirements of the statute of frauds."

The last Pennsylvania case cited covers every point in this case in connection with the oral contract and the will of 1910 claimed to be memoranda of that verbal contract. The testimony brings the case clearly within the purview of the statute of frauds, and, under its terms, the testimony as to the verbal contract should not have been admitted and, if admitted, should not have been given any force or effect in disposing of the estate of the Floreas.

The estate of the Floreas should be protected under the ample and cogent terms of the statute of frauds as it should have been protected under the terms of article 3716, had it not been for an agreement such as should never be permitted in a court of justice.

What has been said in this opinion covers every vital issue in this case and it is unnecessary to enter into a discussion of the numerous assignments of error.

·The judgment will be reversed and judgment here rendered that appellee take nothing by his suit and pay all costs in this behalf expended in this court and the lower court.

Reversed and rendered.